1

2

3

**FILED**

SEP 2 1 2000

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORN:.
BY _____
DEPUTY CLERK

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                      ----oo0oo----

11   SAM PURSCELL,
                                 NO. CIV. S-99-2282 WBS JFM
12        Plaintiff,

13        v.                     MEMORANDUM AND ORDER

14   SOUTHERN PACIFIC
     TRANSPORTATION COMPANY; and
15   UNION PACIFIC RAILROAD,

16        Defendants.

17                      ----oo0oo----

18        Defendants Southern Pacific Transportation Company and

19   Union Pacific Railroad ("SP/UP") sent letters to plaintiff after

20   this action was filed, requesting that he complete a Report of

21   Personal Injury or Illness (hereinafter "the accident form").  On

22   August 25, 2000, SP/UP advised plaintiff that he must attend a

23   disciplinary hearing on September 13, 2000 for his failure to

24   submit the requested report.

25        On September 8, 2000, plaintiff filed an ex parte

26   application for a temporary restraining order ("TRO") and

27   preliminary injunction enjoining SP/UP from conducting the

28   disciplinary hearing.  Alternatively, plaintiff seeks a

                              1

1  protective order.  Plaintiff additionally requests: (1) monetary
2  sanctions to reimburse him for costs and attorneys' fees, (2)
3  sanctions under Rule 11 of the Federal Rules of Civil Procedure,
4  and (3) initiation of contempt proceedings.

5      The court initially heard the matter on September 11,
6  2000.  Plaintiff represented that the disciplinary hearing had
7  been continued to September 27, 2000.  Because SP/UP had not been
8  afforded the opportunity to submit a written opposition to the
9  motion, the court heard the matter again on September 18, 2000,
10 after receiving full briefing from the parties.

11                                I.

12      On a motion for a TRO or preliminary injunction "[t]he
13 moving party must show either (1) a combination of probable
14 success on the merits and the possibility of irreparable harm, or
15 (2) the existence of serious questions going to the merits, the
16 balance of hardships tipping sharply in its favor, and at least a
17 fair chance of success on the merits."  Miller v. California
18 Pacific Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994).

19      Under Rule 26(c) of the Federal Rules of Civil
20 Procedure, the court may grant a protective order "for good cause
21 shown" "to protect a party or person from annoyance,
22 embarrassment, oppression, or undue burden or expense, ...."
23 Fed. R. Civ. P. 26(c).  The decision to grant a protective order
24 is vested in the district court's discretion.  See In re Standard
25 Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987).

26      Neither an injunction nor protective order is proper
27 here because (1) the collective bargaining agreement obligates
28 plaintiff to submit the accident form, and plaintiff may raise

                                2

1  his grievances through the arbitration process provided for in
2  the agreement and under the Railway Labor Act, (2) nothing in the
3  Federal Rules of Civil Procedure or the court's scheduling order
4  disallows "extrajudicial" discovery when there is no showing of
5  illegality, and (3) plaintiff has failed to show that SP/UP's
6  discovery requests are unlawful.[1]

7  A.   Collective Bargaining Agreement

8          Rule 46 of the collective bargaining agreement between
9  Union Pacific and the Brotherhood of Railway Carmen requires
10 employees to submit a written accident form to SP/UP.[2]  Thus,
11 SP/UP has the right to request that plaintiff submit an accident
12 form, and plaintiff is obligated to do so.  These rights and
13 obligations are the result of bargaining between SP/UP and the
14 Union--two strong organizations of virtually equal bargaining
15 power.  The agreement could have been drafted to provide that
16 once an employee files a claim with the claims department or a
17 lawsuit, then the employee need not complete an accident form.
18 The agreement could have been drafted to provide that once an
19 employee gives notice that he or she is represented by counsel,
20 no accident form need be completed.  The Union could have
21 bargained for such provisions, but did not.  If plaintiff has a
22 quarrel with the requirement or claims an implied exception to
23 it, he may raise such concerns through the arbitration process

25      [1]   For the same reasons, the court declines to issue
   sanctions or to initiate contempt proceedings.

27      [2]   Rule 46 provides in pertinent part: "[e]mployees
   injured while at work are required to make a detailed written
   report of the circumstances of the accident ...."  (Moresette
   Decl. ¶ 3).

3

1  provided for under the collective bargaining agreement and the
2  Railway Labor Act, 45 U.S.C. §§ 151-188.[3]
3  B.  Discovery under the Federal Rules of Civil Procedure
4          Plaintiff argues that SP/UP's conduct constitutes
5  "extrajudicial" discovery, bypassing the Federal Rules of Civil
6  Procedure and the court's scheduling order, and thus is a matter
7  more appropriate for this court to decide as opposed to an
8  arbitrator.  Plaintiff's argument is unavailing, however, because
9  SP/UP's conduct does not appear to contravene either the court's
10 scheduling order or the Federal Rules of Civil Procedure.
11         Nothing in the court's scheduling order is intended, or
12 should be read, to preclude the parties from getting discovery in
13 other lawful ways.  In addition, nothing in the Federal Rules of
14 Civil Procedure states that the Rules are the only way that
15 parties can obtain information from each other or from third
16 parties.  The discovery rules were passed long ago to give
17 parties who did not have a means of obtaining information a
18 vehicle for doing so.  See Fed. R. Civ. P. advisory committee
19 notes at V ("Discovery frequently provides evidence that would
20 not otherwise be available to the parties and thereby makes for a
21 fairer trial or settlement."); Dilmore v. Stubbs, 636 F.2d 966,
22 969 (9th Cir. 1981) (noting that one of the principal goals of
23 the discovery rules is preventing trial by ambush and surprise);
24 Shelak v. White Motor Co., 581 F.2d 1155, 1159 (5th Cir. 1978)
25 _____
26 [3]    SP/UP claims that the information requested on the
   accident form is necessary.  Plaintiff disputes this.  The court
27 is unwilling to enter the fray because the accident form is a
   requirement negotiated under the collective bargaining agreement.
28 Under that agreement, SP/UP is entitled to the information
   without a showing of need.

4

1   ("The rules are designed to narrow and clarify the issues and to
2   give the parties mutual knowledge of all relevant facts, thereby
3   preventing surprise."). They were not passed to limit the means
4   of gaining discovery.

5           Here, there is an existing employee/employer
6   relationship in which the respective rights and obligations are
7   governed by a collective bargaining agreement between the
8   employer and the Union that represents the employees. There is
9   nothing in the court's scheduling order or the Rules of Civil
10  Procedure to preclude either party from asserting rights or from
11  seeking the protections of the collective bargaining agreement
12  independent of this action.

13          The court is aware that other judges have issued
14  protective orders under similar circumstances. It is the
15  prerogative of each judge to control discovery as he or she sees
16  fit. The court notes, however, that none of the cases cited by
17  plaintiff hold that the Federal Rules of Civil Procedure are the
18  only method for obtaining discovery. See Smith v. Union Pac.
19  R.R. Co., 878 F. Supp. 171 (D. Colo. 1995); Vicary v.
20  Consolidated Rail Corp., 942 F. Supp. 1146 (N.D. Ohio 1996);
21  Riensch v. Union Pac. R.R. Co., 12 F. Supp. 2d 1136 (D. Colo.
22  1998).

23          The court is further aware that some judges have
24  attempted to strike a balance by upholding SP/UP's right under
25  the collective bargaining agreement to request an accident form
26  but prohibiting SP/UP from sharing the information with its
27  counsel or using the information in a pending action. See, e.g.,
28  Pulido v. Southern Pac., CIV. S-98-2276 (E.D. Cal.) (February 18,

1   2000 hearing, Pl.'s Ex. 7).  This court declines to impose such a
2   blanket requirement on SP/UP.

3         The fundamental purpose of a trial is to discover the
4   truth.  See Estes v. Texas, 381 U.S. 532, 540 (1965) ("The solemn
5   purpose of endeavoring to ascertain the truth ... is the sine qua
6   non of a fair trial ....").  Technical rules that do not allow
7   relevant evidence to be received at trial are generally
8   disfavored.  See, e.g., Chambers v. Mississippi, 410 U.S. 284
9   (1973) (proscribing the use of technical rules of evidence to
10  exclude information and prevent witnesses from testifying in
11  violation of the defendant's right of confrontation and right to
12  present witnesses in his defense); Bohrer v. Hanes Corp., 715
13  F.2d 213, 217 (5th Cir. 1983) (Whether technical noncompliance
14  with Rule 50(b) precludes a challenge to the sufficiency of the
15  evidence on appeal "should be examined in the light of the
16  accomplishment of its particular purposes as well as in the
17  general context of securing a fair trial for all concerned in the
18  quest for truth.").

19        The court is thus not going to bar SP/UP at this stage
20  in the proceedings from using any evidence obtained
21  extrajudicially that is potentially probative where it does not
22  appear that the evidence was obtained illegally.  The court
23  understands why SP/UP is unwilling to agree ahead of time not to
24  use the accident form at trial, and the court is not willing to
25  impose that requirement on them.  A trial is a search for the
26  truth, and the court will not peremptorily exclude relevant
27  evidence that might promote that objective.
28  ///

6

C.   <u>Illegality</u>

Plaintiff argues that the letters requesting plaintiff to submit the accident form are unlawful under the Rules of Professional Conduct and under section 55 of the Federal Employers Liability Act ("FELA").  <u>See</u> 45 U.S.C. § 55. Additionally, plaintiff argues that the requests are an attack on the Railroad Retirement Board's sole authority to determine whether plaintiff is permanently disabled.  The court considers each argument in turn.

1.   <u>Rules of Professional Conduct</u>

Plaintiff has not shown that the letters from SP/UP to plaintiff are ex parte communications in contravention of the Rules of Professional Conduct.  Under Rule 2-100, an attorney may not communicate directly or indirectly with an adverse party about the action if the attorney knows the party is represented by counsel.  <u>See</u> Cal. R. Prof. Conduct § 2-100.  However, "Rule 2-100 is not intended to prevent the parties themselves from communicating with respect to the subject matter of the representation."  Cal. R. Prof. Conduct § 2-100 cmt.  While plaintiff alleges that "it would be the essence of naivete to believe that [the letters] are not sent at the direction of, or in conjunction with, SP/UP's in-house legal department," (Mot. at 27:13-140), plaintiff presents no evidence to support its claim that the letters originate from the legal department.  To the contrary, the letters appear to be sent as a result of the requirements of the collective bargaining agreement.

///

///

7

1          2.  FELA Section 55

2          Section 55 of the FELA states that "[a]ny contract,

3  rule, regulation, or device whatsoever, the purpose or intent of

4  which shall be to enable any common carrier to exempt itself from

5  any liability created by this chapter, shall to that extent be

6  void."  45 U.S.C. § 55.  Plaintiff has not satisfied the court

7  that the purpose or intent of the accident form is to exempt

8  SP/UP from liability under the FELA.  All the form does is ask

9  simple questions about the accident.  This is information that

10  SP/UP could readily obtain through discovery.  Indeed, at

11  hearing, plaintiff's counsel admitted that SP/UP has already

12  obtained this information during discovery.  Thus, it is unclear

13  how the form can be used to limit SP/UP's liability.[4]

14          It is even doubtful that § 55 was intended to apply to

15  circumstances such as these.  In Bay v. Western Pacific Railroad

16  Co., 595 F.2d 514 (1979), the Ninth Circuit noted that Congress

17  enacted § 55 in order "to create a 'shield' against a railroad's

18  defense that an employee had contracted away his right to sue the

19  railroad for personal injuries."  Id. at 516.  Here, plaintiff

20  does not claim that the accident form is being used by SP/UP to

21  establish such a defense.

22          Even if § 55 were generally applicable, strong policy

23  grounds exist for not finding a violation of its mandates here.

24  In Gust v. Soo Line Railroad Co., 942 F. Supp. 408 (E.D. Wis.

25

26          [4]    At hearing, plaintiff's counsel alleged that SP/UP
27  hopes that plaintiff will make an inconsistent statement on the
   form, which could be used to limit SP/UP's liability.  However,
28  SP/UP has expressly stated that plaintiff's counsel may complete
   the form for plaintiff so as to avoid any such possibility.

8

1  1996), the court declined to find a violation of § 55 where
2  plaintiff argued that a railroad's attempt to conduct an
3  investigatory hearing of workplace violations was a "device"
4  because such a finding would lead to "inappropriate
5  circumstances."  Id. at 411.  "Employees would be able to
6  circumvent all investigations, hearings, and disciplinary
7  proceedings by going to federal court with a FELA claim."  Id.
8  Here, plaintiff has provided the court with no evidence that
9  SP/UP is doing anything more than following the procedures set
10  forth in the collective bargaining agreement.

11          3.  Attack on Railroad Retirement Board's Authority
12          Plaintiff fails to indicate how the personal injury
13  form, which merely seeks information about the accident,
14  interferes with the Board's determination that plaintiff is
15  permanently disabled.  The form does not attempt to make an
16  independent determination that plaintiff is permanently disabled.
17  Indeed, the form merely asks the nature of plaintiff's injury,
18  whether plaintiff was examined by a doctor, whether plaintiff was
19  hospitalized, and whether plaintiff was able to return to work on
20  his next work assignment.  SP/UP represents that the form is used
21  to assist it in making a required monthly report of railroad
22  accidents to the Federal Railroad Administration.  Plaintiff's
23  charge of interference with the jurisdiction of the Board is
24  unavailing.
25  ///
26  ///
27  ///
28  ///

9

D.   Harm

        As a final matter, the court notes that plaintiff has
failed to establish that he will suffer harm if the court denies
his request for injunctive relief or a protective order.

        Although plaintiff is not currently working due to his
disability, he is still entitled to fringe benefits.  Plaintiff
alleges that if he is required to attend the disciplinary
hearing, he will be terminated from his position on the Seniority
Roster, which would deprive him of fringe benefits in the form of
medical and dental insurance coverage.  However, plaintiff
submits no evidence in support of his claim that termination from
the Seniority Roster is likely to result from a disciplinary
hearing.

        The letter notifying plaintiff that he must attend the
hearing states that he has violated Rule 1.6 of the General Code
of Operating Rules and that the hearing will constitute a "formal
investigation to develop the facts and place responsibility, if
any, in connection with this alleged violation."  (Pl.'s Ex. 42).
Plaintiff fails to submit a copy of Rule 1.6 from which the court
could determine whether a violation is likely to result in
termination.

        Moreover, plaintiff still enjoys the rights and
privileges of the collective bargaining agreement and the
representation of a strong Union to protect him from any
violations on the part of his employer.  There is no reason for
this court to step in at this stage of the proceedings to protect
him from any anticipated termination or other discipline that
might or might not occur sometime in the future.  Accordingly,

1  plaintiff has not made the requisite showing of harm.

2          IT IS THEREFORE ORDERED that plaintiff's ex parte

3  request for a temporary restraining order, preliminary

4  injunction, protective order, sanctions, and initiation of

5  contempt proceedings be, and the same hereby is, DENIED.

6  DATED:   September 20, 2000

7

8                                    WILLIAM B. SHUBB
                                     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
for the
Eastern District of California
September 21, 2000

* * CERTIFICATE OF SERVICE * *

2:99-cv-02282

Purscell

   v.

Southern Pacific

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  September 21, 2000, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

      Larry H Lockshin                           SH/WBS
      Larry Lockshin Attorney at Law
      701 University Avenue
      Suite 100
      Sacramento, CA  95825-6511

      Michael L Johnson
      Union Pacific Railroad Company
      Law Department
      10031 Foothills Boulevard
      Suite 200
      Roseville, CA  95747-7101

                                  Jack L. Wagner, Clerk

                              BY: _____
                                  Deputy Clerk